IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No. 09-cv-02080-REB-KLM

SPACECON SPECIALTY CONTRACTORS, LLC.

    Plaintiff,

v.

RICHARD BENSINGER, an individual

    Defendant.

## ORDER DENYING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the following: (1) **Defendant Bensinger's Motion to Dismiss Plaintiff Spacecon Specialty Contractors, LLC's Complaint** [#5],[1] filed September 21, 2009; and (2) **Plaintiff Spacecon's Motion To Strike Section II(B) of Defendant Bensinger's Reply in Support of Motion To Dismiss and Certification of Compliance with D.C.COLO.LCivR 7.1** [#21] filed October 28, 2009. The plaintiff filed a response [#13] to the motion to dismiss, and the defendant filed a reply [#18]. The plaintiff filed a response [#24] to the motion to strike, and the defendant filed a reply [#25]. I deny both motions.

## I. JURISDICTION

I have jurisdiction over this case under to 28 U.S.C. §§ 1332 (diversity).

---

[1] "[#5]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* Plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* Plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[2] Nevertheless, the standard remains a liberal

---

[2] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the Plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the Plaintiff plausibly (not just speculatively) has a claim for relief.

> This requirement of plausibility serves not only to weed out claims that do

2

one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III.  ANALYSIS

The plaintiff alleges that, in 2008 and early 2009, the defendant directed and produced a video or film entitled *Looking The Other Way: Benefitting from Misery* (Film). *Complaint for Damages and Injunctive Relief* [#1], filed August 31, 2009, p. 3, ¶10.  The defendant allegedly created a poster to advertise the film in which he referred to the plaintiff's alleged involvement with human trafficking, tax evasion, and insurance fraud involving the exploitation of immigrant workers. *Id.*, p. 4,¶21.  The plaintiff alleges that the poster described the film as "expos[ing] one Colorado construction firm and the devastating effects its actions are having on the workers, honest competitors, taxpayers, and the Colorado's construction industry as a whole." *Id.*

In March, 2009, a pre-release screening of the film was held at the Starz Film Center in Denver, Colorado.  Prior to the screening of the film, invitations were distributed to several government officials, owners of constructions projects, and executives and construction managers of various construction companies.  *Id.*, p. 3,¶16.  The film portrayed the plaintiff's alleged involvement in human trafficking, tax evasion

---

> not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974) (internal citations and footnote omitted).

3

and insurance fraud. The plaintiff seeks damages and injunctive relief. The defendant asserts, under Fed.R.Civ.P. 12(b)(6), that the plaintiff's allegations do not state a claim on which relief can be granted.

A complaint survives a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" **Ashcroft v. Iqbal**, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009); **Bell Atlantic Corp. V. Twombly**, 550 U.S. 544, 570 (2007). In the context of a Motion to Dismiss, plausibility is defined as sufficient facts allowing "the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." **Iqbal**, ___ U.S. at ___, 129 S.Ct. at 1949. Here, the allegations of the complaint are sufficient to state a plausible claim for defamation. First, the defendant does not challenge the sufficiency of the plaintiff's *Libel Per Se* claim. Rather, the defendant argues that the plaintiff has failed to meet the **New York Times** "actual malice" standard as required by **Linn v. United Plant Guard Workers of Am.**, 383 U.S. 53, 64-65 (1966), *citing New York Times Co. v. Sullivan*, 376 U.S. 254 (1964). The defendant argues that the "actual malice" standard is applicable in this matter because it amounts to a "labor dispute" as defined by section 13(c) of the **Norris-LaGuardia Act**, 29 U.S.C. § 113(c), and section 9 of the **National Labor Relations Act**, 29 U.S.C. § 159. In addition, the defendant claims that the "actual malice" standard is applicable because the controversy involves a matter of public concern. *Reply* [#18], p. 2.

Assuming, without deciding, that the **New York Times** "actual malice" standard applies, the plaintiff has pled adequately "actual malice." The plaintiff alleges that, "(i)n publishing false statements against SSC, Mr. Bensinger has engaged in conduct that was fraudulent, malicious and/or willful and wanton." *Complaint* [#1], p. 9, ¶ 49. The

4

plaintiff alleges also that "(a)t the time Mr. Bensinger published the false statements of fact about SSC, he knew that the statements were false or acted with reckless disregard as to whether the statements were false." *Id.*, p. 8, pp. 43. Considering all of the allegations in the plaintiff's complaint, I conclude that these allegations are sufficient to state a claim on which relief can be granted, assuming the actual malice standard is applicable to this case.

In its motion to strike [#21], the plaintiff argues that the portion of the defendant's reply [#18] that discusses a legal argument not raised in the defendant's motion to dismiss should be stricken because such arguments are not properly raised for the first time in a reply. Because I deny the defendant's motion to dismiss, I deny the motion to strike as moot.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Bensinger's Motion to Dismiss Plaintiff Spacecon Specialty Contractors, LLC's Complaint** [#5], filed September 21, 2009, is **DENIED**; and

2. That **Plaintiff Spacecon's Motion To Strike Section II(B) of Defendant Bensinger's Reply in Support of Motion To Dismiss and Certification of Compliance with D.C.COLO.LCivR 7.1** [#21] filed October 28, 2009, is **DENIED** as moot.

Dated September 15, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackbum
United States District Judge

5