IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02080-REB-KLM

SPACECON SPECIALTY CONTRACTORS, LLC,

    Plaintiff,

v.

RICHARD BENSINGER, an individual,

    Defendant.

_____

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER DEADLINES TO ALLOW FOR THE DEPOSITIONS OF ROBERT CLIFT AND CAROLINE HANKINS**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Modify Scheduling Order Deadlines to Allow for the Depositions of Robert Clift and Caroline Hankins** [Docket No. 131; Filed October 6, 2010] (the "Motion"). Defendant filed his response in opposition to the Motion [Docket No. 145] (the "Response") on November 8, 2010. Plaintiff seeks to reopen discovery in this case for the limited purpose of allowing it to depose two witnesses, Robert Clift ("Clift") and Caroline Hankins ("Hankins"). The deadline for the completion of general discovery in this case expired on June 14, 2010. *See Minute Order* [Docket No. 48]. Plaintiff represents that it was unable to depose Clift and Hankins before the expiration of this deadline because both witnesses "evaded service of process during most or all of the discovery period." *Motion* [#131] at 1. The Court considers in turn the propriety of now allowing Plaintiff to depose Clift and Hankins.

## I.  Standard for Reopening Discovery

The Court may modify its scheduling orders upon a showing of good cause.  *See* Fed. R. Civ. P. 16(b)(4); D.C.COLO.LCivR 16.1.  Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court.  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).  When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence.  *Id.* (citations omitted).  With regard to the fourth factor, the Court of Appeals for the Tenth Circuit has explained that "[d]emonstrating good cause under [Rule 16(b)(4)] 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'"  *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

## II.  Clift

Plaintiff represents that it first learned of Clift in December 2009 when Defendant responded to Plaintiff's first request for production of documents and mentioned Clift as a co-producer of the film at issue in this case.  *Motion* [#131] at 4.  Plaintiff next represents that it was unable "to obtain any contact information for Clift until [it] took [Defendant]'s deposition" on April 14, 2010.  *Id.*

In response, Defendant does not contradict Plaintiff's representation that it first

learned of Clift in December 2009. *Response* [#145] at 7 ("In the first document production made in this case early in the lawsuit, in December 2009, [Defendant] produced a document which revealed that [Clift] had a role in assisting with the production of the Film[.]"). However, Defendant represents that Plaintiff in fact received at least some of Clift's contact information on March 3, 2010. *Id.* at 8. Defendant explains as follows:

> On March 3, 2010, [Defendant] did a further document production producing the invoices submitted to him for payment by [Clift], to compensate [Clift] for his editing work on the film. These invoices conspicuously displayed Clift's contact information, including his address at Indiana University where he is a student and employed teaching classes. The invoices also included Clift's cell phone number and fax. This contact information appears prominently on the face of these invoices, *on 13 separate pages.*

*Id.* (citing *Defendant Richard Bensinger's Supplemental Responses to Plaintiff Spacecon's Discovery Requests* [Docket No. 143-6] ("*Defendant's Supplemental Responses*") at 9-22) (emphasis original).

Further, Defendant represents that Plaintiff received a second contact address for Clift in April 2010. *Id.* (citing *Defendant Bensinger's Opposition to Spacecon Specialty Contractor, LLC's Rule 56(f) Motion for Continuance to Respond to Motion for Summary Judgment Due to Unavailability of Essential Facts* [Docket No. 143] ("*Opposition to Motion for Continuance*") at 7). Defendant explains as follows:

> [Plaintiff] served a subpoena on Indiana University in April 2010 relating to [Clift]. . . . Clift was contacted by the General Counsel for Indiana University when the University received the subpoena. [Clift] told the General Counsel at that time to give [Plaintiff] his home address. [Clift] states in his Affidavit that he even called back later that same day to confirm with the University's counsel that she had in fact passed along [his] address to [Plaintiff]'s counsel.

*Opposition to Motion for Continuance* [#143] at 7 (citing *Declaration of Third Party Robert Clift in Support of Clift's Motion to Quash* [Docket No. 143-4] ("*Clift Declaration*") at 3-4, ¶ 5).

-3-

Because there is no documentation in the record confirming that Plaintiff actually received Clift's home address from the General Counsel for Indiana University in April 2010, the Court gives little weight to Defendant's second representation. However, the Court accepts Defendant's first representation that Plaintiff received Clift's address at Indiana University on March 3, 2010. The Court has reviewed Defendant's Supplemental Responses [#143-6] of March 3, 2010, and it indeed discloses the following contact information for Clift at Indiana University: "Robert A. Clift, Indiana University, Department of Communications, 800 East Third Street, Bloomington, IN 47405. Phone: 917.523.7930. Fax: 812.855.6014." *Defendant's Supplemental Responses* [#143-6] at 9-22. Accordingly, the Court finds that Plaintiff had at least some contact information for Clift as of March 3, 2010, just over three months before the deadline for the completion of discovery.

Despite learning Clift's address at Indiana University on March 3, 2010, Plaintiff did not serve Clift with a deposition subpoena until June 6, 2010, just eight days before the deadline for the completion of discovery. Plaintiff represents that it was unable to serve Clift with a subpoena until such a late date because Clift was uncooperative and evasive:

> In anticipation of serving [Clift] with a deposition subpoena *duces tecum*, Christopher Leh, one of [Plaintiff]'s counsel, contacted Clift to arrange a time to serve him with a subpoena and depose him, but Clift did not return any of the voice mail messages left for him. Clift's evasiveness necessitated a weekend stakeout to effect service[.]

*Motion* [#131] at 5. Clift's deposition subpoena set his deposition in Washington, D.C., on June 11, 2010. Plaintiff represents that "[a]fter being served with the subpoena, Clift did not contact [Plaintiff's counsel] and did not return [Plaintiff's counsel]'s calls." *Id.*

On June 10, 2010, Clift filed a Motion to Quash Plaintiff's subpoena in the United States District Court for the District of Columbia. At the time the Motion to Quash was filed,

Plaintiff's counsel had already departed Denver for Washington, D.C., to take Clift's deposition. The parties hotly dispute the exact circumstances surrounding Plaintiff's counsel's needless trip. *See Motion* [#131] at 5-8; *Response* [#145] at 9 n.4. The Court declines to resolve this dispute as doing so is not necessary to the disposition of Plaintiff's Motion. Regardless of the fault of either party, the simple facts are as follows: (1) Clift was served with a deposition subpoena before the deadline for the completion of discovery; (2) Clift's deposition was scheduled before the deadline for the completion of discovery; and (3) Clift filed a Motion to Quash the deposition subpoena before the deadline for the completion of discovery. Plaintiff represents that Clift's Motion to Quash is now "fully briefed and awaiting decision in *Spacecon Specialty Contractors, LLC v. Richard Bensinger*, No. 1:01-mc-00384 (D.D.C.) (Urbina, J. [filed June 10, 2010])." *Motion* [#131] at 8.

Applying the *Smith* factors, the Court finds that reopening discovery for the limited purpose of allowing Plaintiff to depose Clift is appropriate. With regard to the first factor, the trial of this case is set for March 7, 2011, just under four months from now. The Court finds that there is still adequate time for Plaintiff to depose Clift. Accordingly, the first *Smith* factor weighs in favor of allowing Plaintiff to depose Clift.

With regard to the second factor, Defendant opposes Plaintiff's request to reopen discovery "because it would further delay resolution of [Defendant's Motion for Summary Judgment [Docket No. 87]], because the request is made many months after the discovery cut-off passed, and on equitable grounds because [Plaintiff] [previously] opposed any mutual or bilateral extension of discovery." *Response* [#145] at 12-13. Thus, the second factor weighs in favor of denying Plaintiff's request to depose Clift.

With regard to the third factor, Defendant asserts that allowing Plaintiff to depose Clift would be "extremely prejudicial" and "contrary to the policy of swift resolution of defamation cases" because it "would likely delay resolution of Defendant's Motion for Summary Judgment [#87] and would require Defendant to incur additional time and expense by prolonging this case." *Id.* at 13. Plaintiff asserts that "no prejudice would result from [it] being allowed to depose Clift" because it "notified Defendant's counsel well within the discovery period that it intended to depose [Clift] and was making efforts to serve [Clift] with [a] deposition subpoena." *Motion* [#131] at 16. The Court agrees with Plaintiff and finds that Defendant will not be unduly prejudiced if Plaintiff is allowed to depose Clift. It is uncertain whether scheduling Clift's deposition will delay resolution of Defendant's Motion for Summary Judgment [#87], which is pending before District Judge Blackburn. Further, the additional time and expense required to attend Clift's deposition are part of the normal course of litigation and Defendant has not shown how attending the deposition would be unusually burdensome. Accordingly, the third *Smith* factor weighs in favor of allowing Plaintiff to depose Clift.

With regard to the fourth factor, the parties hotly contest whether Plaintiff was diligent in its attempts to depose Clift before the expiration of the deadline for the completion of discovery. After reviewing the parties' submissions, the Court finds that Plaintiff has provided at least a minimally "adequate explanation" for scheduling Clift's deposition just three days before the expiration of the discovery deadline. *See Strope*, 315 F. App'x at 61. Moreover, no amount of diligence on Plaintiff's part could have prevented Clift from filing his Motion to Quash. It is true that faster service on Clift would have allowed the District Court for the District of Columbia more time to consider Clift's Motion to Quash

before the expiration of the discovery deadline. But as it turns out, the District Court for the District of Columbia has required more time to consider the Motion to Quash than was available during the discovery period. Even if Plaintiff had served Clift immediately upon learning his address at Indiana University on March 3, 2010, and Clift had immediately responded with his Motion to Quash, it is likely that the District Court for the District of Columbia would not have ruled on Clift's Motion to Quash before the expiration of the discovery deadline on June 14, 2010. The Court finds that the fourth *Smith* factor weighs in favor of allowing Plaintiff to depose Clift.

With regard to the fifth factor, the Court finds that Plaintiff has not adequately explained (1) why it failed to file a motion for an extension of the discovery deadline before it expired, and (2) why it waited until October 6, 2010, to file the instant Motion seeking to reopen discovery. Plaintiff states that "there was no way [it] could have known at the outset of this litigation that Clift . . . would avoid service of process." *Motion* [#131] at 14. While Plaintiff is correct that it was not foreseeable that an extension of the discovery period would be necessary from the outset of the case, the Court finds that it was certainly foreseeable that an extension would be necessary at the time Clift filed his Motion to Quash on June 10, 2010. Because Plaintiff has offered no explanation for its failure to move for an extension of the discovery period and its delay in seeking to reopen discovery, the Court finds that the fifth *Smith* factor weighs in favor of denying Plaintiff's request to depose Clift.

Finally, with regard to the sixth factor, the Court finds that deposing Clift is likely to lead to relevant evidence. Plaintiff represents that Clift "was [Defendant]'s primary co-worker and film-making consultant, videographer, and the editor" of the film at issue in this case. *Id.* at 8. Plaintiff further represents that Clift's testimony could establish Defendant's

intent in making the film, Defendant's intended use of the film, Defendant's method of locating, preparing, and filming the subjects of the film, and, most importantly, Defendant's "attitude about the truth or falsity of the content of the film and steps taken or not taken to ensure the truth of that content."  *Id.* at 8-9.  Because relevancy during the discovery process is broadly construed, the Court agrees with Plaintiff that deposing Clift is likely to yield relevant evidence.  *See, e.g., Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party.  Consequently, a request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." (quotations and citations omitted)).  Accordingly, the Court finds that the sixth *Smith* factor weighs in favor of allowing Plaintiff to depose Clift.

Because four of the six *Smith* factors weigh in favor of allowing Plaintiff to depose Clift, the Court concludes that reopening discovery for the limited purpose of allowing Plaintiff to depose Clift is appropriate.  Accordingly, the discovery deadline is reset to December 15, 2010, for the sole purpose of completing Clift's deposition.  If Clift's Motion to Quash remains pending at that time, and if Plaintiff continues to seek Clift's deposition, Plaintiff shall file a written motion for an additional extension of time in which it shall notify the Court of the status of the proceedings in the District Court for the District of Columbia.

### III.  Hankins

Plaintiff represents that it first learned of Hankins in January 2010 when it noticed her name in the credits of the film at issue in this case.  *Motion* [#131] at 9.  Plaintiff further represents that it first obtained Hankins's address and contact information on February 26,

2010. *Id.* On March 4, 2010, Plaintiff served Hankins with a document subpoena. *Id.* Plaintiff represents that it had "the intention of serving [Hankins] with a deposition subpoena later in the discovery process, if warranted, based on her response" to the document subpoena. *Id.* Plaintiff states that it decided to depose Hankins in April 2010. *Id.* It describes its subsequent efforts to serve Hankins with a deposition subpoena as follows:

> In April 2010, [Plaintiff] began making regular attempts to serve Hankins at the same address where it served her with the document subpoena in March, but she was not there at any of the times [Plaintiff] attempted service. In the meanwhile, counsel for [Plaintiff] began conferring with opposing counsel regarding the scheduling of Hankins'[s] deposition, confirming that May 28, 2010, would work for all parties and their counsel. [Plaintiff] continued to attempt service on Hankins in April, May, and June 2010, starting with attempts every few days, . . . escalating to daily attempts and, finally, twice-daily attempts, all to no avail. [Plaintiff]'s process server ultimately spoke with an individual living at the address where [Plaintiff] previously had served Hankins[.] [That] individual indicated to the process server that Hankins had gone to Texas for an indefinite period of time. The individual had no information concerning where in Texas Hankins had gone. Because it seemed likely that Hankins was avoiding service or had moved away permanently, [Plaintiff] temporarily stopped service attempts at the end of June 2010.

*Id.* at 10. Plaintiff ultimately succeeded in serving Hankins with a deposition subpoena on September 19, 2010, at an address in Colorado. *Id.* at 11.

Defendant does not dispute the factual background presented by Plaintiff. But Defendant does argue that allowing Plaintiff to depose Hankins now is inappropriate because (1) Plaintiff has not adequately justified its failure to serve Hankins with a deposition subpoena at the same time it served her with a documents subpoena on March 4, 2010, (2) there is no evidence in the record that Hankins avoided service in any way, (3) Plaintiff exhibited a "lack of diligence" by temporarily stopping service attempts and allowing the discovery deadline to expire without moving for an extension, (4) Plaintiff was "dilatory"

-9-

in seeking relief from the expiration of the discovery deadline, and (5) Plaintiff did not obtain authorization from the Court to serve Hankins on September 19, 2010, and it had not made a request to reopen discovery at that time.

The Court finds that all five of the arguments advanced by Defendant have merit. Further, consideration of the *Smith* factors does not undermine Defendant's well-taken position that allowing Plaintiff to depose Hankins now is inappropriate.

With regard to the first *Smith* factor, the trial of this case is set for March 7, 2011, less than four months from now. The Court finds that there is still adequate time for Plaintiff to depose Hankins. Accordingly, the first factor weighs in favor of allowing Plaintiff to depose Hankins.

With regard to the second factor, Defendant has well-stated opposition to Plaintiff's request to depose Hankins. Accordingly, this factor weighs in favor of denying Plaintiff's request.

With regard to the third factor, the Court finds–as it did above in Part II of this Order–that Defendant will not be unduly prejudiced by allowing Plaintiff to depose Hankins. Accordingly, this factor weighs in favor of allowing Plaintiff to depose Hankins.

With regard to the fourth factor, the Court finds that Plaintiff was not diligent in its efforts to depose Hankins and comply with the discovery deadline. Although Plaintiff was aware that it was having difficulties serving Hankins, it failed to seek an extension of the discovery deadline before it expired on June 14, 2010. Plaintiff has offered no explanation for this failure. Plaintiff has also failed to provide any justification for waiting until October 6, 2010, to file its instant Motion to reopen discovery. Accordingly, the fourth *Smith* factor weighs in favor of denying Plaintiff's request to depose Hankins.

With regard to the fifth factor, the Court finds that it was wholly foreseeable that the discovery deadline would need to be extended to allow for Hankins's deposition. Plaintiff acknowledges that it was aware of the difficulty its process server was encountering in its efforts to serve Hankins. Plaintiff even admits to ceasing service attempts on Hankins. It was therefore clear to Plaintiff that deposing Hankins would require either a motion for an extension of the discovery deadline or a later motion to reopen discovery. Plaintiff has provided no explanation for its failure to move the Court for an extension when the need for an extension was foreseeable. Accordingly, the fifth *Smith* factor weighs in favor of denying Plaintiff's request to depose Hankins.

With regard to the sixth factor, the Court again applies a broad definition of relevance and finds that allowing Plaintiff to depose Hankins would likely lead to relevant evidence. Accordingly, the sixth factor weighs in favor of allowing Plaintiff to depose Hankins. *See Cardenas*, *supra*.

Although three of the *Smith* factors weigh in favor of allowing Plaintiff to depose Hankins and three weigh in favor of denying Plaintiff's request, the Court finds that the factors weighing in favor of denial are more important in this case. Plaintiff could have filed a motion to extend the discovery deadline well before it expired on June 14, 2010. And Plaintiff could have moved to reopen discovery at any time shortly thereafter. Instead, Plaintiff waited nearly four months after the expiration of the discovery deadline to file its instant Motion. Plaintiff has not justified this delay. The Court concludes that it is not appropriate at this juncture to reopen discovery for the limited purpose of allowing Plaintiff to depose Hankins. Accordingly, Plaintiff's Motion shall be denied to the extent that it requests that Plaintiff be allowed to depose Hankins pursuant to the September 19, 2010

deposition subpoena.

## IV. Conclusion

IT IS HEREBY **ORDERED** that the Motion [#131] is **GRANTED in part** and **DENIED in part**.

IT IS FURTHER **ORDERED** that the discovery deadline is reset to **December 15, 2010**, for the limited purpose of allowing Plaintiff to depose Robert Clift.

IT IS FURTHER **ORDERED** that if Clift's Motion to Quash remains pending in the District Court for the District of Columbia on December 15, 2010, any further extension of the discovery deadline shall be sought by written motion.

IT IS FURTHER **ORDERED** that the Motion [#131] is **DENIED** to the extent that it requests reopening discovery for the purpose of deposing Caroline Hankins.

Dated:  November 15, 2010