IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02080-REB-KLM

SPACECON SPECIALTY CONTRACTORS, LLC,

    Plaintiff,

v.

RICHARD BENSINGER, an individual,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Reconsider January 10, 2011 Minute Order Based Upon Additional Information as to Deposition of Robert Clift** [Docket No. 170; Filed January 18, 2011] (the "Motion"). On January 10, 2011, the Court issued a Minute Order [Docket No. 169] denying Plaintiff's Third Motion to Modify Scheduling Order Deadlines to Allow for the Deposition of Robert Clift [Docket No. 164] (the "Third Motion to Modify"). Plaintiff seeks reconsideration of the Minute Order in light of additional details that it now provides.

### I. Standard of Review

Reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). Therefore, a motion for reconsideration is "appropriate [only] where the Court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d

1005, 1012 (10th Cir. 2000). A motion for reconsideration is not appropriate when it "advance[s] arguments that could have been raised in prior briefing" or simply invites the Court "to revisit issues already addressed." *Id.* Valid grounds for reconsideration are typically limited to "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark*, 57 F.3d at 948).

## II. Case History

The Court previously summarized the history of Plaintiff's attempts to depose Robert Clift ("Clift") in its Order [Docket No. 148] of November 15, 2010:

> Plaintiff represents that it first learned of Clift in December 2009 when Defendant responded to Plaintiff's first request for production of documents and mentioned Clift as a co-producer of the film at issue in this case. *Motion* [#131] at 4. Plaintiff next represents that it was unable "to obtain any contact information for Clift until [it] took [Defendant]'s deposition" on April 14, 2010. *Id.*
>
> In response, Defendant does not contradict Plaintiff's representation that it first learned of Clift in December 2009. *Response* [#145] at 7 ("In the first document production made in this case early in the lawsuit, in December 2009, [Defendant] produced a document which revealed that [Clift] had a role in assisting with the production of the Film[.]"). However, Defendant represents that Plaintiff in fact received at least some of Clift's contact information on March 3, 2010. *Id.* at 8. Defendant explains as follows:
>
>> On March 3, 2010, [Defendant] did a further document production producing the invoices submitted to him for payment by [Clift], to compensate [Clift] for his editing work on the film. These invoices conspicuously displayed Clift's contact information, including his address at Indiana University where he is a student and employed teaching classes. The invoices also included Clift's cell phone number and fax. This contact information appears prominently on the face of these invoices, *on 13 separate pages*.
>
> *Id.* (citing *Defendant Richard Bensinger's Supplemental Responses to Plaintiff Spacecon's Discovery Requests* [Docket No. 143-6] ("*Defendant's*

*Supplemental Responses*") at 9-22) (emphasis original).

Further, Defendant represents that Plaintiff received a second contact address for Clift in April 2010. *Id.* (citing *Defendant Bensinger's Opposition to Spacecon Specialty Contractor, LLC's Rule 56(f) Motion for Continuance to Respond to Motion for Summary Judgment Due to Unavailability of Essential Facts* [Docket No. 143] ("*Opposition to Motion for Continuance*") at 7). Defendant explains as follows:

> [Plaintiff] served a subpoena on Indiana University in April 2010 relating to [Clift]. . . . Clift was contacted by the General Counsel for Indiana University when the University received the subpoena. [Clift] told the General Counsel at that time to give [Plaintiff] his home address. [Clift] states in his Affidavit that he even called back later that same day to confirm with the University's counsel that she had in fact passed along [his] address to [Plaintiff]'s counsel.

*Opposition to Motion for Continuance* [#143] at 7 (citing *Declaration of Third Party Robert Clift in Support of Clift's Motion to Quash* [Docket No. 143-4] ("*Clift Declaration*") at 3-4, ¶ 5).

Because there is no documentation in the record confirming that Plaintiff actually received Clift's home address from the General Counsel for Indiana University in April 2010, the Court gives little weight to Defendant's second representation. However, the Court accepts Defendant's first representation that Plaintiff received Clift's address at Indiana University on March 3, 2010. The Court has reviewed Defendant's Supplemental Responses [#143-6] of March 3, 2010, and it indeed discloses the following contact information for Clift at Indiana University: "Robert A. Clift, Indiana University, Department of Communications, 800 East Third Street, Bloomington, IN 47405. Phone: 917.523.7930. Fax: 812.855.6014." *Defendant's Supplemental Responses* [#143-6] at 9-22. Accordingly, the Court finds that Plaintiff had at least some contact information for Clift as of March 3, 2010, just over three months before the deadline for the completion of discovery.

Despite learning Clift's address at Indiana University on March 3, 2010, Plaintiff did not serve Clift with a deposition subpoena until June 6, 2010, just eight days before the deadline for the completion of discovery. Plaintiff represents that it was unable to serve Clift with a subpoena until such a late date because Clift was uncooperative and evasive:

> In anticipation of serving [Clift] with a deposition subpoena *duces tecum*, Christopher Leh, one of [Plaintiff]'s counsel, contacted Clift to arrange a time to serve him with a subpoena

>and depose him, but Clift did not return any of the voice mail messages left for him. Clift's evasiveness necessitated a weekend stakeout to effect service[.]

*Motion* [#131] at 5. Clift's deposition subpoena set his deposition in Washington, D.C., on June 11, 2010. Plaintiff represents that "[a]fter being served with the subpoena, Clift did not contact [Plaintiff's counsel] and did not return [Plaintiff's counsel]'s calls." *Id.*

On June 10, 2010, Clift filed a Motion to Quash Plaintiff's subpoena in the United States District Court for the District of Columbia. At the time the Motion to Quash was filed, Plaintiff's counsel had already departed Denver for Washington, D.C., to take Clift's deposition. The parties hotly dispute the exact circumstances surrounding Plaintiff's counsel's needless trip. *See Motion* [#131] at 5-8; *Response* [#145] at 9 n.4. The Court declines to resolve this dispute as doing so is not necessary to the disposition of Plaintiff's Motion. Regardless of the fault of either party, the simple facts are as follows: (1) Clift was served with a deposition subpoena before the deadline for the completion of discovery; (2) Clift's deposition was scheduled before the deadline for the completion of discovery; and (3) Clift filed a Motion to Quash the deposition subpoena before the deadline for the completion of discovery.

*Order* [#148] at 2-5.

The Court concluded that "reopening discovery for the limited purpose of allowing Plaintiff to depose Clift" was appropriate. *Id.* at 5. The Court noted that "the trial of this case is set for March 7, 2011, just under four months from now." *Id.* Conscious of the necessity of completing discovery well in advance of trial, the Court granted Plaintiff until December 15, 2010 to conduct Clift's deposition. *Id.* at 8.

On December 12, 2010, Plaintiff filed a Second Motion to Modify Scheduling Order Deadlines to Allow for the Depositions of Robert Clift [Docket No. 158]. Plaintiff sought an extension of the deadline to conduct Clift's deposition from December 15, 2010 to January 15, 2011. The extension was necessary because District Judge Ricardo M. Urbina of the United States District Court for the District of Columbia had not resolved Clift's motion to quash the deposition subpoena in *Robert Clift v. Spacecon Specialty Contractors, LLC*, No.

1:01-mc-00384-RMU (D.D.C.) (Urbina, J.). On December 13, 2010, the Court issued a Minute Order [Docket No. 160] extending the deadline for completing Clift's deposition to January 15, 2011. The Court further ordered that "[b]ecause the trial of this matter has been set for March 7, 2011 and the Trial Preparation Conference has been set for February 11, 2011, **no further extensions of the deposition deadline will be granted**." *Minute Order* [#160] at 1 (emphasis added).

On December 14, 2010, Judge Urbina granted Clift's motion to quash the deposition subpoena. *Robert Clift v. Spacecon Specialty Contractors, LLC*, No. 1:01-mc-00384-RMU (D.D.C. Dec. 14, 2010) (Memorandum Order) (Urbina, J.) [Docket No. 164-1]. In light of Judge Urbina's Memorandum Order [#164-1], Plaintiff set out to serve Clift with a new subpoena and depose him before the January 15 deadline. Plaintiff had not managed to serve Clift by January 1, 2011, so it filed a Third Motion to Modify [#164] seeking an extension of the deadline for deposing Clift to February 15, 2011.

Because the Court was concerned about the impending trial, Plaintiff's Third Motion to Modify [#164] was denied. The Court explained as follows:

> The Court previously contemplated the possibility that Plaintiff might not be able to depose Clift before January 15, 2011. . . . At the time the Court set the January 15 deadline, *see Minute Order* [#160], there had not been a ruling on Clift's motion to quash in the United States District Court for the District of Columbia. Accordingly, the Court anticipated the possibilities that (1) the motion to quash would not be resolved before January 15, or (2) the motion to quash would be granted and Plaintiff would not be able to depose Clift. Though well aware of these possibilities, the Court ordered that "no further extensions of the deposition deadline will be granted." *Minute Order* [#160] at 1. This restriction was necessary because "the trial of this matter has been set for March 7, 2011 and the Trial Preparation Conference has been set for February 11, 2011." *Id.* The Court was concerned about the parties having adequate time to prepare for trial and the potentially prejudicial effect of allowing a deposition on the eve of trial. *See Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (The Court should consider whether "trial

>is imminent" when exercising its discretion with regard to extending or reopening discovery.). The Court's concerns have only increased since its previous Order [#160]. A Final Pretrial Conference has been set for January 26, 2011. *Minute Order* [Docket No. 163]. Extending the deadline for Clift's deposition beyond this date will interfere with the parties' trial preparation.

*Minute Order* [#169] at 2-3.

Plaintiff now seeks reconsideration of its request for an extension of the deposition deadline to February 15, 2011.

### III. Analysis

Plaintiff essentially presents two reasons that reconsideration is appropriate: (1) Plaintiff knows that Clift is planning to make a public appearance on January 27, 2011, and (2) Plaintiff will take measures to mitigate any disruption to the parties' trial preparation that may be caused by taking Clift's deposition. Plaintiff asserts that it will be able to serve Clift at his public appearance on January 27 and take his deposition on February 10. *Motion* [#170] at 4 ("If [Plaintiff] serves Clift with a subpoena duces tecum on January 27, it will have to provide 14 days notice under Rule 45 and the local rules before the deposition, i.e., February 10, which is more than three weeks before trial."). Plaintiff further asserts that it will "bear the cost of a video feed to defense counsel" if defense counsel does not want to attend the deposition in person and "bear the cost of expediting completion" of the deposition transcript and video." *Id.*

As an initial matter, Plaintiff has not provided typically recognized grounds for reconsideration of the Court's prior Minute Order [#169]. *See Brumark.*, 57 F.3d at 944 (Reconsideration "is an extreme remedy to be granted in rare circumstances."); *Servants of Paraclete*, 204 F.3d at 1012. In its Motion, Plaintiff presents additional detail that could have – and should have – been raised in its Third Motion to Modify [#164]. The Court now

understands that Plaintiff did not provide detail about its plans to serve Clift at his January 27 public appearance "because it was concerned that if the information were revealed, Clift would alter his plans to avoid being served." *Motion* [#170] at 3. However, the Court notes that there is no reason why Plaintiff could not have included its offer to bear costs associated with Clift's deposition in its Third Motion to Modify [#164]. The Court further notes that Plaintiff's Motion [Docket No. 126] to extend the deadline to respond to Defendant's Motion for Summary Judgment [Docket No. 87] – which was filed in part because of Plaintiff's need to depose Clift – remains pending before District Judge Robert E. Blackburn.

Based on Plaintiff's explanation of its plans to effect Clift's deposition before February 15 and its offer to bear certain costs, the Court finds that there is good cause to reconsider its previous Order to prevent manifest injustice. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#170] is **GRANTED**.

IT IS FURTHER **ORDERED** that the deadline for Plaintiff to complete the deposition of Robert Clift is extended to **February 15, 2011**.

IT IS FURTHER **ORDERED** that Plaintiff shall bear the cost of (1) providing a video feed of the deposition to defense counsel if defense counsel does not want to attend the deposition in person, and (2) expediting publication to the parties of the deposition transcript and video.

DATED: January 20, 2011 at Denver, Colorado.

BY THE COURT:
 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge