IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02080-REB-KLM

SPACECON SPECIALTY CONTRACTORS, LLC,

     Plaintiff,

v.

RICHARD BENSINGER, an individual,

     Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Motion Under Fed. R. Civ. P. 37(c)(1) to Strike Late and Insufficiently Disclosed Witnesses from the Final Pretrial Order** [Docket No. 188; Filed February 1, 2011] (the "Motion"). On February 17, 2011, Defendant filed a Response [Docket No. 266] in opposition to the Motion.

     As an initial matter, the Court notes that District Judge Robert E. Blackburn conducted a Final Trial Preparation Conference on February 11, 2011. *Courtroom Minutes* [Docket No. 248]. At the Conference, each party submitted a Final Witness List. *Response* [#266] at 1; *see Defendant's Witness List* [Docket No. 266-1]. These Final Witness Lists supersede the parties' designation of witnesses incorporated into the Final  Pretrial Order [Docket No. 182]. In other words, the parties are now bound by their Final Witness Lists, and they may not call any witnesses who do not appear on the Lists at trial. Accordingly, to the extent that Plaintiff's Motion seeks to strike witnesses who do not appear on

Defendant's Final Witness List [#266-1], it is moot.

Defendant's Final Witness List identifies nine "will call" witnesses and sixteen "may call witnesses" for a total of twenty-five witnesses. *Defendant's Witness List* [#266-1]. Plaintiff's Motion seeks to strike only nine of these twenty-five:

1.   Dr. Michael Kelsay

2.   Gianina Irlando

3.   Crystal Ayala

4.   Catherine Lutz

5.   Tom Zieman

6.   Custodian of Records, Pinnacol Assurance

7.   Juan Carlos Ruiz

8.   Abel Flores

9.   Alberto Nevarez

*See Response* [#266] at 3; *Motion* [#188] at 6-9; *Defendant's Witness List* [#266-1].

It is uncontested that these nine witnesses were not disclosed in Defendant's Initial Disclosures [Docket No. 188-2] or Supplemental Disclosures Under Fed. R. Civ. P. 26(e) [Docket No. 188-3]. It is also uncontested that the first time that Defendant informed Plaintiff that these witnesses might testify at trial was when they were designated in the Final Pretrial Order [#182] on January 26, 2011. Plaintiff contends that Defendant's failure to include the names and, if known, the addresses and telephone numbers of the witnesses in his Disclosures [#188-2 & 188-3] warrants striking the witnesses pursuant to Fed. R. Civ. P. 37(c)(1). *Motion* [#188] at 10-15. Plaintiff argues that non-disclosure of the witnesses has caused incurable prejudice, and it concludes that precluding their testimony at trial is

the only appropriate remedy at this juncture. *Id.* at 11 ("Mr. Bensinger's Eleventh-Hour, Insufficient Disclosure Prejudices Spacecon, Cannot be Cured, and Should Not Be Allowed"); *id.* at 2 ("Mr. Bensinger should not be permitted to call these newly-disclosed witnesses at trial. Spacecon – having planned its discovery and its prosecution of this case under the assumption that Mr. Bensinger did not intend to rely on the witnesses – never had a chance to interview or depose them, or to prepare a strategy regarding their potential testimony."); *id.* at 12 ("With respect to the newly disclosed witnesses, Spacecon had no reason to interview or depose individuals who Mr. Bensinger failed to identify as witnesses on whom he would seek to rely.").

In response, Defendant contends that Plaintiff will "not suffer unfair prejudice" if the nine witnesses listed above are permitted to testify at trial. *Response* [#266] at 2. Defendant argues that "all [of] these individuals have been known to [Plaintiff] since before this lawsuit commenced." *Id.*; *see, e.g.*, *id.* at 2-3 (arguing that because a "list of invitees to the [film] screening, and of those who RSVP'ed [sic] and attended the screening, was produced in discovery early on in this case," Plaintiff has "known of the identities of these individuals and had their addresses for many, many months"); *id.* at 5 ("Spacecon knew of Dr. Kelsay and his role from the personal attendance of Spacecon's counsel and other agents at" a pre-screening of the film at issue.); *id.* at 11 (explaining that Spacecon was aware of Juan Carlos Ruiz, Abel Flores, and Alberto Nevarez because they were Spacecon employees and arguing that Defendant did not identify them as witnesses in his Disclosures because he had not yet located and contacted them). Defendant concludes that because Plaintiff knew of these individuals, their roles, and their relevance to the case long before entry of the Final Pretrial Order, it cannot make a "reasonable claim of surprise" that they

were designated as witnesses in the Final Pretrial Order and Defendant's Final Witness List. *Id.* at 9.

Fed. R. Civ. P. 26(a)(1)(A)(I) requires that "a party must, without awaiting a discovery request, provide to the other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." This disclosure is required within fourteen days after the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C). Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

In this case, the names, addresses, and telephone numbers of the nine witnesses at issue were not provided to Plaintiff in Defendant's Disclosures [#188-2 & 188-3]. "'The determination of whether a Rule 26(a) violation is justified or harmless is'" made at the Court's discretion. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). Further, the Court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* (citation omitted). Nevertheless, the following factors guide the Court in exercising its discretion: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (citations omitted).

With respect to the first six witnesses listed above, Defendant has not offered any explanation for his failure to include their names, addresses, and telephone numbers in his Disclosures.  With respect to the remaining three witnesses, Juan Carlos Ruiz, Abel Flores, and Alberto Nevarez, Defendant contends that he did not identify them in his Disclosures because he did not learn about them until December 2010.  *See Response* [#266] at 11 n.8.   However, Defendant fails to explain why he did not supplement his Disclosures immediately upon learning about Juan Carlos Ruiz, Abel Flores, and Alberto Nevarez.  *See* Fed. R. Civ. P. 26(e)(1) (requiring timely supplements or corrections to disclosures if the disclosures are later found to be incomplete or incorrect).

The Court finds that Defendant's failure to identify the nine witnesses as required by Rule 26(a) was not substantially justified.  Defendant's contention that he was unable to learn the names, addresses, and telephone numbers of Juan Carlos Ruiz, Abel Flores, and Alberto Nevarez until December 2010 is unpersuasive.  First, the Court finds that Defendant simply should have been more diligent in identifying potential witnesses.  This case had already been pending for fifteen months in December 2010.  Without a more compelling explanation, Defendant's alleged inability to identify Juan Carlos Ruiz, Abel Flores, and Alberto Nevarez until December 2010 is inexcusable.  Second, it is unclear to the Court why Defendant needed to search for former employees of Plaintiff beyond those who appeared in, or were contacted or interviewed for, the film at issue in this case. Presumably, Defendant had at least some information about the names and whereabouts of Plaintiff's employees who were filmed, contacted, or interviewed during the making of the film.  Absent any alternative explanation from Defendant, the decision to call as witnesses Plaintiff's former employees who were not connected to – or who had only an

attenuated connection to – the film project appears to be a calculated, tactical one.

The Court also finds that Defendant's failure to identify the nine witnesses was not harmless. As Plaintiff points out, it "would have to scramble" in order "to interview and/or depose" these trial witnesses at this juncture. *Motion* [#188] at 12. The trial of this case is set to commence in less than two weeks, on March 7, 2011. Requiring Plaintiff to prepare for the nine witnesses' testimony now would certainly be burdensome and prejudicial. One purpose of Rule 26 disclosures is to allow a party enough time to conduct interviews and depositions, and to prepare a trial strategy in light of the witnesses that may be called by the opposing party. *See Dunlap v. City of Okla. City*, 12 F. App'x 831, 834 (10th Cir. 2001) ("[o]ne clear purpose of" Rule 26 is "to facilitate fact finding and prevent unfair surprise"); *see also Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1224 (D. Kan. 2007) (precluding witnesses from testifying and noting as follows: "In reliance on the plaintiff's decision not to disclose these persons as witnesses, the defendant did not depose them or seek additional discovery about them."). A party is not relieved of its Fed. R. Civ. P. 26(a) obligation to "provide to the other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information" simply because the other parties have become aware of some of these individuals by other means. *See Mehus v. Emporia State Univ.*, 326 F. Supp. 2d 1213, 1219 (D. Kan. 2004) ("[P]laintiff had no reason to depose witnesses whom defendant did not identify. Her knowledge that [a witness] occupied a position at issue in this case is no substitute for compliance with Rule 26."). Thus, Defendant's argument that Plaintiff knew about all nine witnesses does not excuse his failure to disclose, as required by Fed. R. Civ. P. 26, the name, address, and telephone number of each witness as soon as he knew them.

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#188] is **GRANTED in part** and **DENIED in part as moot**.

IT IS FURTHER **ORDERED** that Dr. Michael Kelsay, Gianina Irlando, Crystal Ayala, Catherine Lutz, Tom Zieman, Juan Carlos Ruiz, Abel Flores, and Alberto Nevarez are precluded from testifying at trial pursuant to Fed. R. Civ. P. 37(c)(1).

Because the Custodian of Records at Pinnacol Assurance will not give substantive testimony at trial, the Court finds that Defendant's failure to disclose his name and contact information was harmless.  Accordingly,

IT IS FURTHER **ORDERED** that the Custodian of Records at Pinnacol Assurance may testify at trial for the limited purpose of authenticating documents produced by Pinnacol Assurance during discovery.

Dated:  February 23, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge