IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02080-REB-KLM

SPACECON SPECIALTY CONTRACTORS, LLC,

    Plaintiff,

v.

RICHARD BENSINGER, an individual,

    Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Oral Motion to Compel** (the "Motion to Compel") and Plaintiff's **Oral Motion for Protective Order** (the "Motion for Protective Order") made during the Final Pretrial Conference on January 26, 2011. *See Courtroom Minutes* [Docket No. 181]. After receiving briefing on the Motions, the Court held a hearing on February 24, 2011. The Motion to Compel seeks an order compelling Plaintiff to produce the following documents: (1) unredacted Form W-2s issued by Plaintiff to all of its workers or employees for the tax years 2006 through 2009; (2) any "no-match letters" received by Plaintiff from the Colorado State Directory of New Hires during the period from January 1, 2006 through March 2009; and (3) "project files" for five construction projects completed by Plaintiff. The Motion for Protective Order seeks an order protecting these same documents from discovery.

It is undisputed that Defendant initially sought the documents at issue by

propounding requests for production on Plaintiff in December 2009 and March 2010, well before the expiration of the deadline for the completion of discovery. Defendant explains that he waited until January 26, 2010 – less than six weeks before the trial of this case – to seek Court intervention because he believed that Plaintiff would produce the documents pursuant to an agreement negotiated by the parties. Defendant contends that he held this belief in good faith, and thus did not anticipate that the Court's intervention would be necessary. Accordingly, Defendant argues that any perceived delay in making the Motion to Compel should be excused.

With respect to one set of documents, the "project files" for five of Plaintiff's construction projects, Defendant raises an additional argument that the lateness of the Motion to Compel is justified. Defendant asserts that even if he was less than diligent in pursuing these project files earlier in the case, Plaintiff has recently raised a new issue that now makes the project files much more important. Defendant states that Plaintiff's proposed jury instruction regarding defamation per se [Docket No. 243], which was not filed until February 9, 2011, shows that Plaintiff now alleges that false statements were made about its profits in the film at issue in the case. Defendant argues that Plaintiff's allegation makes the project files highly relevant, as they contain information about profitability. He further argues that the lateness of the allegation excuses his delay in moving to compel production of the project files.

In response, Plaintiff asserts that its agreement to produce all of the documents now at issue was conditional upon Defendant accepting a set of terms relating to the scope of document discovery in this case. Plaintiff contends that Defendant never accepted these terms. Plaintiff further contends that when discovery negotiations reached an impasse, it

clearly informed Defendant that it would not produce the documents now at issue. Accordingly, Plaintiff argues that Defendant had notice several months prior to the Final Pretrial Conference that Court intervention would be necessary to obtain the documents. Plaintiff asserts that it went so far as to provide defense counsel with potential dates for conducting a telephonic discovery hearing with the Court regarding the dispute over the production of documents.

With respect to Defendant's specific arguments relating to the project files, Plaintiff contends that its proposed jury instruction regarding defamation per se [#243] neither presents a new theory of the case nor any new allegations. Plaintiff argues that it set forth its position that comments made in the film about its profits were defamatory in its interrogatory responses, which were filed very early in the case. Plaintiff also argues that because the project files are intermingled with other files in twelve to fourteen bankers' boxes, locating the project files at this late date would impose an undue burden.

The Court finds that Defendant has not provided a compelling reason for waiting until the Final Pretrial Conference to bring this dispute to the Court's attention. Notwithstanding Defendant's argument that he should not be faulted for the delay because there was a misunderstanding between his counsel and Plaintiff's counsel, the Court finds that the delay was unreasonable. Defense counsel's misunderstanding to the effect that Plaintiff would voluntarily produce the documents at issue is not well-supported by the evidence attached to the parties' briefing. *See July 30, 2010 Letter from Lawrence Marquess to Daniel Shanley & Jody Borrelli Re: Package Proposal to Resolve Disputes Over Defendant's Discovery* [Attachment No. 7]; *see also Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633 (D. Kan. 2004) (holding that plaintiff did not show good cause for her delay in filing

motions to compel because the record did not support her assertion that she waited to file the motions in reliance on repeated assurances from defense counsel that supplemental document production was forthcoming). Moreover, the Court should not be left to unravel months of communications between the parties, many of which are undocumented, and to make credibility determinations about counsel's statements regarding the course of events over those many months, in order to decide whether Defendant's delay in making the Motion to Compel was justifiable. Finally, even if the Court accepts all of Defendant's assertions and allegations regarding his discovery negotiations with Plaintiff as true, it remains clear that Defendant should not have waited until less than five weeks before trial to make the Motion to Compel. The aggrieved party has the obligation to bring a discovery issue to the Court's attention in a timely manner, or offer a good excuse for failing to do so. *Lobato v. Ford*, 2007 WL 3342598, at *7 (D. Colo. Nov. 9, 2007) (unreported decision) (citations omitted); *Butler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."); *id.* (a motion to compel may be denied when a party "has failed to seek judicial relief for an unreasonably long period of time"); *accord DesRoisers v. Moran*, 949 F.2d 15, 22 (1st Cir. 1991) (when a party knows well in advance of trial that requested but unproduced documents exist and then fails "to bring the matter of non-production to the court's attention" in a timely fashion, the discovery violation is deemed waived); *JOM, Inc. v. Adell Plastics, Inc.*, 193 F.3d 47, 51 (1st Cir. 1999) (noting that a party has an obligation to move to compel production "well in advance of trial"). Defendant did neither.

Defendant argues that the recent filing of Plaintiff's proposed jury instruction

regarding defamation per se [#243] changes the playing field by clarifying Plaintiff's defamation allegations such that the project files are now critical evidence. This argument is unavailing. First, the proposed instruction does not state fundamentally different defamation allegations from those stated in the original Complaint. Further, Plaintiff's discovery responses put Defendant on notice long ago that Plaintiff contends that the film was defamatory in this regard. *See Plaintiff Spacecon's Responses to Defendant Richard Bensinger's Interrogatories (Set No. One)* [Docket No. 297-1] at 3 (Plaintiff presents its position that statements in the film to the effect that it took certain actions "in order to lower its labor costs for purposes of submitting low bids to win work and increase its profits" were false). Finally, the recent filing of the proposed jury instruction [#243] – on February 9, 2011 – does not excuse Defendant's prior delay in moving to compel production of the project files.

Fed. R. Civ. P. Rule 26(c) allows the Court, for good cause shown, to issue an order forbidding discovery "to protect a party. . . from annoyance, oppression, or undue burden or expense." The trial of this case is set to commence in one week, and the parties are now in the thick of trial preparation. Requiring Plaintiff to produce additional documents now would, at best, impose an annoyance and undue burden, and, at worst, cause substantial prejudice by distracting Plaintiff. *See Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620 (D. Nev. 1999) (if a party's delay in moving to compel production results in substantial prejudice to the party to whom it is directed, the district court may hold that the moving party has waived the right to compel production) (citations omitted).

Having found that the Motion to Compel is untimely, the Court need not address the merits of the parties' positions. *See Lobato*, 2007 WL 342598, at *7 (finding that a party

waived its right to compel the production of documents "based upon . . . delay" and therefore not considering whether the documents at issue were appropriately discoverable); *see also Continental Indus., Inc. v. Integrated Logistics Solutions, LLC*, 211 F.R.D. 442, 444 (N.D. Okla. 2002) (holding that failure to pursue discovery remedies in a timely manner may result in waiver of discovery violations and noting that it is "especially important that a party file its motion [to compel] before the discovery cutoff"); *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 199 (E.D. Mich. 2002) (holding that a court may properly deny a motion to compel when it was filed after the close of discovery).

Nevertheless, the Court notes that Defendant's arguments about his need for the disputed documents and their relevance to the issues in the case weaken his initial argument that any delay in making the Motion to Compel should be excused. If the documents were indeed of tremendous importance to Defendant's case, it seems likely that he would have been more diligent in pursuing them. *See Lobato*, 2007 WL 342598, at *7 n.5 ("Plaintiffs' failure to seek relief from the court in a timely manner belies [their] claim of substantial need."). This is especially true given the ease with which this parties may adjudicate discovery issues in this Court: the parties are not permitted to file disputed discovery motions and they must instead convene a telephone hearing with the Court at their convenience. *See Scheduling Order* [Docket No. 23] at 9, ¶ 8(h)(5) (incorporating by reference the *Order Settling Scheduling/Planning Conference* [Docket No. 3] at 2 § E.1. ("No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR 7.1A. If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with [the Court]. Both of these steps must be completed before any contested discovery motions are filed with the Court.")); *see*

*also Chishty v. Texas Dep't of Aging and Disability Servs.*, 562 F. Supp. 2d 790, 797 (E.D. Tex. 2006) (denying a motion to compel because plaintiffs unreasonably delayed in filing it and noting that plaintiffs "should have taken advantage of the court's Discovery Hotline"). Moreover, the Court's staff fielded calls from counsel on more than one occasion about the possibility of scheduling a telephone discovery hearing regarding the production of documents, but counsel never actually convened such a hearing. The lateness of Defendant's Motion to Compel smacks of disingenuous pretrial maneuvering designed either to place Plaintiff at a disadvantage by utilizing precious resources immediately before the trial or, worse, to delay the trial.

For the reasons set forth above,

IT IS HEREBY **ORDERED** that Defendant's **Motion to Compel** is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's **Motion for Protective Order** is **GRANTED**.

Dated: March 1, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge